# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 15-1931, Brown & Pipkins, LLC d/b/a Acsential Services v. SEIU, Local 32BJ |
| **Originating No. & Caption** | 1:15-copv-00526-CMH-TCB, Brown & Pipkins, LLC d/b/a Acsential Services v. SEIU, Local 32BJ |
| **Originating Court/Agency** | United States District Court for the Eastern District of Virginia at Alexandria |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C.A. §§ 1291 and 1294 | |
| Time allowed for filing in Court of Appeals | 30 days from final order | |
| Date of entry of order or judgment appealed | July 16, 2015 | |
| Date notice of appeal or petition for review filed | August 14, 2015 | |
| If cross appeal, date first appeal filed | N/A | |
| Date of filing any post-judgment motion | N/A | |
| Date order entered disposing of any post-judgment motion | N/A | |
| Date of filing any motion to extend appeal period | N/A | |
| Time for filing appeal extended to | N/A | |
| Is appeal from final judgment or order? | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |
| N/A | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

01/27/2015
SCC

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ● No |
| Has transcript been filed in district court? | ○ Yes | ● No |
| Is transcript order attached? | ○ Yes | ● No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | N/A | |
| Case number of any pending appeal in same case | 15-1987 | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | N/A | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ● No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

Appellant Brown & Pipkins, LLC d/b/a Acsential Services ("Acsential") has been the custodial services contractor at Fort Belvoir, Virginia under contract with the Department of the Army. In connection with that contract, Acsential entered in a collective bargaining agreement with Appellee Service Employees International Union, Local 32BJ ("SEIU") in May 2013 and another collective bargaining agreement in August 2014 (collectively referred to herein as the "CBAs").

This appeal arises from Acsential's initial action and motion before the District Court for the Eastern District of Virginia to vacate two arbitration Awards issued by Federal Mediation and Conciliation Service ("FMCS") Arbitrator Garvin Lee Oliver (the "Arbitrator") in FMCS arbitrations No. 13-02974-A ("Hours Reduction Award") and No. 13-03106-A (Drivers' Pay Award"). Appellee Service Employees International Union, Local 32BJ ("SEIU") filed a Counterclaim and Cross-Motion to Confirm seeking confirmation of both the Hours Reduction and Drivers' Pay Awards, as well as the awards in FMCS arbitrations No. 13-02976-A ("Vacation Pay Award") and No. 13-03107-A ("Monies Owed Award"). (The four awards are collectively referred to as the "Arbitration Awards".) The Hours Reduction Arbitration, the Drivers' Pay Arbitration and Vacations' Pay Arbitration all involved a dispute as to whether Acsential violated the CBAs by reducing a full-time employee day from 8 to 7 hours. The Monies Owed Award addressed whether Acsential owed specific amounts to two employees. Acsential filed a Counterclaim-In-Reply and Motion to Vacate the Vacation Pay Award and also requested that the District Court find the Monies Owed Award to be moot as the damages subject to that Award had previously been paid by Acsential.

The District Court issued a final Order on July 16, 2015 confirming the Arbitration Awards and denying Acsential's motions to vacate. Acsential appeals from the District Court's July 16, 2015 Order confirming the Awards and not vacating the Awards or declaring the Monies Owed Award moot. Acsential contends that the Hours Reduction Award, the Drivers' Pay Award and the Vacation Pay Award should have been vacated because the Arbitrator exceeded his authority in issuing those awards and/or manifestly disregarded not only the applicable and controlling terms of the CBAs, but also the governing law applicable to those awards. Acsential also maintains that SEIU did not timely submit grievances associated with the Hours Reduction Award or the Vacation Pay. Acsential also maintains the Monies Owed Award should have been declared moot, as the amount awarded by the Arbitrator had been paid prior to issuance of that award.

> SEIU also requested that the District Court award SEIU specific damages and attorneys' fees. The District Court's July 16, 2015 Order did not award specific damages or attorneys' fees to SEIU. Acsential agrees that the District Court should not have awarded specific damages or attorneys' fees to SEIU.

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

1. Whether the District Court erred in both confirming the Hours Reduction Award, Drivers' Pay Award and Vacation Pay Award and denying Acsential's motions to vacate those awards in light of evidence that the Arbitrator exceeded his authority and/or manifestly disregarded the May 2013 and August 2014 collective bargaining agreements' (collectively referred to herein as the "CBAs") Management Rights terms, which vested exclusive authority in Acsential to adjust schedules of work and work assignments based on its judgment of business requirements.

2. Whether the District Court erred in confirming the Hours Reduction Award, Drivers' Pay Award and Vacation Pay Award and denying Acsential's motions to vacate those Awards in light of evidence that the Arbitrator exceeded his authority and/or manifestly disregarded the Management Rights terms of the CBAs by improperly applying Article 6, § 1 of the CBAs.

3. Whether the District Court erred in confirming the Hours Reduction Award and denying Acsential's motion to vacate the Hours Reduction Award in light of evidence that SEIU had failed to pursue timely the grievance leading to the Hours Reduction Award in accordance with the CBAs' deadlines.

4. Whether the District Court erred in confirming the Drivers' Pay Award and denying Acsential's motion to vacate the Drivers' Pay Award in light of evidence that the two employees subject to the Drivers' Pay Award were not "Drivers" as that term is defined by agreement with SEIU.

5. Whether the District Court erred in confirming the Vacation Pay Award and denying Acsential's motion to vacate the Vacation Pay Award in light of evidence that SEIU had failed to pursue timely the grievance leading to the Vacation Pay Award in accordance with the CBAs' deadlines,

and that the Arbitrator had improperly allowed the nature of the grievance to be modified at the arbitration hearing.

6. Whether the District Court erred in disregarding Acsential's evidence that the Monies Owed Award was moot due to Acsential's prior payment of the amounts subject to the Monies Owed Award.

7. SEIU has filed a cross-appeal appealing the District Court's non-award of attorneys' fees in Appeal No. 15-1987. Acsential opposes that cross-appeal.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| Adverse Party: | Service Employees International Union, Local 32BJ | Adverse Party: | Service Employees International Union, Local 32BJ |
|---|---|---|---|
| Attorney: Address: | Andrew L. Strom, Esq. SEIU Local 32BJ 25 West 18th Street New York, NY 10011 | Attorney: Address: | Mark A. Hanna, Esq. Murphy Anderson PLLC 1701 K St. NW, Suite 210 Washington, D.C. 20006 |
| E-mail: Phone: | astrom@seiu32bj.org (212) 388-3025 | E-mail: Phone: | mhanna@murphypllc.com (202) 223-1057 |

**Adverse Parties (continued)**

| Adverse Party: | Service Employees International Union, Local 32BJ | Adverse Party: | |
|---|---|---|---|
| Attorney: Address: | Arlus J. Stephens, Esq. Murphy Anderson PLLC 1701 K St. NW, Suite 210 Washington, D.C. 20006 | Attorney: Address: | |
| E-mail: Phone: | astephens@murphypllc.com (202) 223-1057 | E-mail: Phone: | |

| Appellant (Attach additional page if necessary.) | | | |
|---|---|---|---|
| Name: | Brown & Pipkins, LLC d/b/a Acsential Services | Name: | Brown & Pipkins, LLC d/b/a Acsential Services |
| Attorney: | Stephen Gregory Joy, Esq. | Attorney: | Stephen John Kelleher, Esq. |
| Address: | Smith Currie & Hancock LLP<br>1025 Connecticut Avenue NW<br>Suite 600<br>Washington, D.C. 20036 | Address: | Smith Currie & Hancock LLP<br>1025 Connecticut Avenue NW<br>Suite 600<br>Washington, D.C. 20036 |
| Email: | sgjoy@smithcurrie.com | Email: | sjkelleher@smithcurrie.com |
| Phone: | (202) 452-2140 | Phone: | (202) 452-2140 |
| **Appellant (continued)** | | | |
| Name: | | Name: | |
| Attorney: | | Attorney: | |
| Address: | | Address: | |
| E-mail: | | E-mail: | |
| Phone: | | Phone: | |

Signature:   s/ Stephen Gregory Joy         Date: August 31, 2015

Counsel for:   Appellant Brown & Pipkins, LLC d/b/a Acsential Services

| | |
|---|---|
| **Certificate of Service**: I certify that on __August 31, 2015__ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary): | |
| Service Employees International Union, Local 32BJ<br><br>Andrew L. Strom, Esq.<br>SEIU Local 32BJ<br>25 West 18th Street<br>New York, NY 10011<br><br>E-mail: astrom@seiu32bj.org | Service Employees International Union, Local 32BJ<br><br>Mark Hanna, Esq.<br>Arlus J. Stephens, Esq.<br>Murphy Anderson PLLC<br>1701 K St. NW, Suite 210<br>Washington, D.C. 20006<br><br>E-mail: mhanna@murphypllc.com<br>E-mail: astephens@murphypllc.com |
| Signature:   s/   Stephen Gregory Joy | Date:  August 31, 2015 |